**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1716-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

EMOTION BLACKWELL,
a/k/a BRENDON FORD, and
JAMIE JONES,

      Defendant-Appellant.

_____

Submitted December 9, 2021 – Decided December 17, 2021

Before Judges Alvarez and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 96-05-1060.

Emotion Blackwell, appellant pro se.

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Special Deputy Attorney General/Acting Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Emotion Blackwell appeals from a December 14, 2020 order denying his fifth petition for post-conviction relief (PCR). We affirm.

We recounted the facts including the "overwhelming evidence of defendant's guilt" leading to his convictions in State v. Blackwell, No. A-4330-01 (App. Div. June 9, 2003) (slip op. at 9), which we incorporate here. In State v. Blackwell, No. A-2952-18 (App. Div. Dec. 12, 2019) (slip op. at 1-2), we affirmed the denial of defendant's fourth PCR petition. There, he argued the petition was improperly denied and he was entitled to a new trial because the State withheld newly discovered evidence, which could be used to impeach the State's eyewitness, Michael "Fuzzy" Hayes. Id. at 2. We rejected defendant's arguments, noting the alleged impeachment evidence was produced by the State prior to trial. Id. at 4.

In defendant's fifth PCR petition, he argued appellate PCR counsel was ineffective in failing to argue trial counsel was ineffective for not impeaching Hayes with the evidence regarding his pending indictments. The PCR judge found defendant's petition time barred because it was filed "more than [five] years after the judgment of conviction in 1996[,]" and defendant had not shown "excusable neglect for the untimeliness." He also found the petition was procedurally barred because "[d]efendant raised the same point in his prior PCR

and motion for reconsideration and the recent [a]ppeal in December 2019, which addressed this issue directly." The judge concluded "[a]s this very issue of ineffective assistance of counsel . . . was already addressed directly on appeal . . . and [it] was found that there was no ineffective assistance of counsel, the new PCR petition should be dismissed."

Defendant raises the following points on this appeal:

> POINT I. THE PCR COURT ERRED IN DENYING [DEFENDANT'S] REQUEST FOR A NEW FIRST PCR APPEAL BECAUSE FIRST PCR APPELLATE COUNSEL, IN DOCKET NO. A-4330-01[], FAILED TO RAISE ON APPEAL[] A MERITORIOUS CLAIM THAT WAS RAISED BELOW.
>
> > [A.] Pro Se Pleadings Liberally Construed
> >
> > [B. PCR] Standard of Review
> >
> > [C.] Subsequent PCR Time Limitations
> >
> > [D.] PCR Time Limitations Are Not Inflexible
> >
> > [E. Defendant] Could Not have Discovered The Issue Earlier
> >
> > [F.] Failure To Show Bias of State's Witness
> >
> > [G.] Equitable Tolling Applies
> >
> > [H.] Due Diligence/Reasonable Diligence

3

[I.]    First PCR Appellate Counsel Was
Ineffective

[J.    Defendant] Is Actually Innocent Of
The Murder

[1.] Fundamental Injustice

[2.] Hayes' Open Charges

We review the PCR court's conclusions of law de novo. State v. Nash, 212 N.J. 518, 540-41 (2013) (citing State v. Harris, 181 N.J. 391, 415-16 (2004)). The familiar Strickland standard requires a defendant show counsel rendered substandard professional assistance that prejudiced the outcome of the proceedings. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard).

In assessing whether excusable neglect justifies relaxation of the time bar for PCR petitions set forth in Rule 3:22-12(a)(2), we "consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). More than "a plausible explanation for [the defendant's] failure to file a timely PCR petition" is required. Ibid.

4

Rule 1:1-2(a) permits courts in "exceptional circumstances" to relax the five-year time bar, but only if a defendant can demonstrate an injustice "by a preponderance of the credible evidence" that would entitle him to relief. State v. Mitchell, 126 N.J. 565, 579 (1992). Our Supreme Court has required a showing of "compelling, extenuating circumstances," State v. Milne, 178 N.J. 486, 492 (2004) (quoting Afanador, 151 N.J. at 52); or alternatively, "exceptional circumstances . . . ." State v. Murray, 162 N.J. 240, 246 (2000). The five-year time bar may be set aside only to avoid a fundamental injustice where the deficient representation of counsel affected "a determination of guilt or otherwise wrought a miscarriage of justice." Nash, 212 N.J. at 546 (quoting Mitchell, 126 N.J. at 587).

Having considered defendant's arguments pursuant to these principles, we affirm substantially for the reasons expressed by the PCR judge. We add the following comments.

As we noted in our last decision,

> the State produced an August 22, 1996 letter from the trial prosecutor to defendant's trial counsel, detailing the indictments related to the State's eyewitness. Moreover, during oral argument of defendant's first PCR petition in 2001, his counsel acknowledged the State made these disclosures. Finally, in our opinion affirming the denial of defendant's first petition, we noted "defendant claimed that his trial counsel was

5

ineffective in . . . failing to cross-examine [the State's witness] concerning pending charges against him."

[Blackwell, No. A-2952-18, slip op. at 4.]

Given these facts, defendant has not demonstrated a miscarriage of justice sufficient to warrant setting aside the five-year time bar. Moreover, we clearly held there was no ineffective assistance of trial counsel for failing to question Hayes. Notwithstanding the time bar, appellate PCR counsel was not ineffective because counsel raised the claim on appeal and it was rejected. The PCR judge did not err.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1716-20